UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JEFFREY THEISEN, § | | |
| TDCJ No. 01878212, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL NO. SA-17-CA-991-FB | |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Application for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Jeffrey Theisen, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ–CID"), challenging his conviction for intoxication manslaughter. As required by Rule 4 of the Rules Governing Section 2254 Cases, the Court conducted a preliminary review of the petition. Having considered the habeas application (ECF No. 1), the respondent's Answer (ECF No. 6), the record (ECF No. 7), Mr. Theisen's Reply (ECF No. 8), and applicable law, the Court finds the petition should be **DENIED**.

### I. Procedural Background

A grand jury indictment returned March 21, 2012, charged Jeffrey Theisen with one count of intoxication manslaughter and alleged the use of a vehicle as a deadly weapon. (ECF No. 7-21 at 6). Mr. Theisen pleaded guilty to intoxication manslaughter and went to trial on punishment on August 14, 2013. (ECF No. 7-9 at 80; ECF No. 7-21 at 102). After hearing evidence, the jury assessed punishment at a term of 13 years' imprisonment. (ECF No. 7-21 at 96). Mr. Theisen filed

a notice of appeal on September 16, 2013, (ECF No. 7-21 at 99), asserting the trial court erred by denying his motion for a mistrial following an outburst by the victim's son and allowing an autopsy photograph of the victim into evidence. *Theisen v. State*, No. 04-13-00637-CR, 2014 WL 5020041, at *1 (Tex. App.–San Antonio Oct. 8, 2014, pet. ref'd). The appellate court affirmed his conviction and the Court of Criminal Appeals refused a petition for discretionary review. *Id.*

Mr. Theisen filed a state writ of habeas corpus, arguing he was denied the effective assistance of counsel and that his guilty plea was not knowing and voluntary. (ECF No. 7-29 at 10-114). He also reasserted his claim alleging the trial court erred in denying his motion for a mistrial. (ECF No. 7-29 at 16-17). The state trial court issued findings of fact and conclusions of law and recommended the writ be denied. (ECF No. 7-29 at 151-58). The Court of Criminal Appeals denied the writ without written order on the findings of the trial court. (ECF No. 7-20).

In this section 2254 action, Mr. Theisen asserts he was denied the effective assistance of counsel, because his attorney did not move to suppress the results of his blood alcohol content pursuant to *Missouri v. McNeely*, 133 S. Ct. 1552, 1561 (2013). He further asserts his guilty plea was not knowing and voluntary because he was not admonished before entering the plea, and that his appellate counsel was ineffective for failing to raise this issue on appeal. Mr. Theisen also argues he was denied his right to due process of law and a fair trial because the trial court denied his motion for a mistrial following an outburst by the victim's son.

## II. Factual Background

The Fourth Court of Appeals of Texas summarized the facts presented at trial as follows:

> Theisen was attending a three-day heavy metal festival in San Antonio, Texas. Theisen admittedly became intoxicated at the festival. Despite his intoxication, Theisen got into his vehicle and drove onto Interstate 37. In his intoxicated state, Theisen crossed into the wrong lane and struck a vehicle driven by Christina Flores. Ms. Flores died as a result of the incident.

> Theisen was arrested and ultimately pled guilty to intoxication manslaughter. Theisen opted to have a jury determine his sentence. During the punishment phase—specifically during the testimony of [] the victim's daughter—there was an outburst in the courtroom from the victim's fourteen-year-old son []. The trial court called for a recess and excused the jury from the courtroom. Out of the jury's presence, Theisen moved for a mistrial based on the outburst, arguing the outburst would "unfairly . . . impact this jury." Theisen also asked that in the event the trial court admonished the jury, that it advise the jurors that the outburst is not evidence and they should not consider it. The trial court denied the motion for mistrial, but when the jury returned, the trial court instructed the jury to "disregard the outburst by that 14–year old boy and again remind you that you will consider only the evidence as it comes in by the witnesses and by the exhibits."

*Theisen*, 2014 WL 5020041, at *1.

## III. Standard of Review

### A. Review of State Court Adjudications

Mr. Theisen's habeas petition is governed by the heightened standard of review provided by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. Under section 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of that claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law

was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion. *Richter*, 562 U.S. at 102. Instead, a petitioner must show the state court's decision was objectively unreasonable, a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). As long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

**B.     Review of Sixth Amendment Claims**

The Court reviews Sixth Amendment claims of ineffective assistance of trial counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a petitioner must demonstrate counsel's performance was deficient and the deficiency prejudiced his defense. *Id.* at 687-88, 690. The Supreme Court has held that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing professional standards. *Strickland*, 466 U.S. at 687-89. Counsel is

"'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Burt v. Titlow*, 571 U.S. 12, 134 S. Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 690). To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

A *Strickland* claim fails if the petitioner cannot establish either deficient performance or prejudice and, accordingly, the Court need not evaluate both prongs of the test if the petitioner makes an insufficient showing as to either performance or prejudice. *Id.* at 697; *Blanton v. Quarterman*, 543 F.3d 230, 235-36 (5th Cir. 2008). A habeas petitioner has the burden to prove both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009); *Wiggins*, 539 U.S. at 548 (2003); *Rogers v. Quarterman*, 555 F.3d 483, 489 (5th Cir. 2009).

## IV. ANALYSIS

### A.  Ineffective assistance of counsel - *McNeely* claim

Citing *Missouri v. McNeely*, 569 U.S. 141, 1561 (2013), Mr. Theisen asserts he was denied the effective assistance of counsel because his attorney did not seek to suppress the results of a warrantless blood draw. He asserted this claim in his state habeas action, and his trial counsel responded:

> I filed a Motion to Suppress the Blood Test on August 1, 2012, [prior to the decision in *McNeely*] contesting the legality of the blood draw (see exhibit A). . . . This could have been litigated, however, after several discussions concerning the facts and evidence in this case, Applicant chose to plead guilty and contest the punishment in his case. This was the trial strategy discussed with Applicant after discussing the overwhelming amount of evidence against him even without the blood draw being admitted in this case. We did not want the prosecutor to be able to counter our defense of accepting responsibility by saying we contested the admissibility of the blood draw.

(ECF No. 7-29 at 125-26).

The habeas trial court concluded counsel's alleged failure was not prejudicial because, even had the blood alcohol evidence been suppressed, there were "overwhelming facts supporting Applicant's guilt, including his admission to drinking approximately ten (10) shots of Jack Daniels . . ." (ECF No. 7-29 at 156). The state court's denial of this ineffective assistance claim was not an unreasonable application of *Strickland*. Given the other evidence against Mr. Thiesen, even if the blood alcohol evidence was suppressed there is no reasonable probability he would have been acquitted had he gone to trial rather than enter a guilty plea. *See Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010) (noting the weight of the evidence of guilt in finding alleged deficient performance of counsel not prejudicial); *Pondexter v. Quarterman*, 537 F.3d 511, 525 (5th Cir. 2008) (same).

**B.   Knowing and voluntary guilty plea**

Mr. Theisen next contends his guilty plea was not knowing and voluntary because he was not admonished until after he entered his plea. Mr. Theisen raised this claim in his state habeas action, and the state court concluded his guilty plea was knowing and voluntary. (ECF No. 7-29 at 156).

The well-established federal law with regard to guilty pleas is stated in *North Carolina v. Alford*, 400 U.S. 25, 31 (1970): "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970), and may consider such factors as whether there was evidence of factual guilt. *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000). A guilty plea is valid if the defendant knows and understands the consequences of entering the plea. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A guilty plea is "knowing" if the defendant understands the charge against him and the maximum penalty he faces as a result of his plea. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996).

The Supreme Court has "never held that the judge must himself explain" the consequences of a guilty plea for the plea to be considered valid. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). "[T]he constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." *Id.; see also Henderson v. Morgan*, 426 U.S. 637, 647 (1976) ("even absent a clear showing on the record, we presume that counsel did in fact explain the nature of the offense to the defendant."). The Fifth Circuit Court of Appeals has held that a defendant's federal constitutional rights were not violated when a guilty plea was entered in the absence of a full admonishment by the trial court, when the defendant otherwise had knowledge of the rights he was waiving and his potential punishment. *Burton v. Terrell*, 576 F.3d 268, 271-72 (5th Cir. 2009); *Burdick v. Quarterman*, 504 F.3d 545, 547-48 (5th Cir. 2007).[1]

The record in this matter indicates Mr. Theisen's guilty plea was made on the reasonable advice of counsel and that he knew the rights he was waiving and the maximum punishment he faced as a consequence of his guilty plea. Counsel's affidavit in the state habeas action, which the state court found credible, indicates counsel and Mr. Theisen discussed all of the evidence against him and the consequences of entering a guilty plea. (ECF No. 7-14 at 6-7). The record indicates the maximum possible sentence was also discussed during voir dire, prior to Mr. Theisen's guilty plea. (ECF No. 7-11). Although Mr. Theisen asserts his guilty plea was invalid because he was not

---

[1] . . . [A] trial court's failure to discharge this duty by informing the defendant of the maximum possible sentence does not invariably lead to constitutional error. This court has consistently held that the critical question is not whether the court informed the defendant of the maximum sentence, but whether the defendant knew, in fact, the maximum he faced. While we acknowledge that this is a "somewhat stingy implementation of . . . *Boykin*," this court's precedent is clear that the source of the defendant's actual knowledge is of no moment to the plea's constitutionality.

*Burton*, 576 F.3d at 271-72.

admonished prior to entering the plea, he does not assert his guilty plea was involuntary or coerced. Accordingly, the state court's determination that the guilty plea was a voluntary and intelligent choice was not an unreasonable application of the law to the facts in this matter.

Because "clearly established federal law" does not require a record showing that the trial court itself admonish the defendant prior to accepting his guilty plea, the Texas Court of Criminal Appeals' rejection of this claim was neither contrary to nor an unreasonable application of federal law.

### C. Ineffective assistance of appellate counsel

Mr. Theisen argues his appellate counsel was ineffective for failing to assert he was not properly admonished prior to pleading guilty. He raised this claim in his state habeas action and relief was denied.

To succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show that his counsel's performance was "deficient," i.e., objectively unreasonable. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Dorsey v. Stephens*, 720 F.3d 309, 319 (5th Cir. 2013). Appellate counsel need not and should not raise every non-frivolous claim, but may select from among them to maximize the likelihood of success on appeal. *Smith*, 528 U.S. at 288; *Jones v. Barnes*, 463 U.S. 745, 751 (1983). If the petitioner is able to establish that appellate counsel's performance was deficient, he then must demonstrate prejudice arising from the deficient performance. To establish prejudice, the petitioner must show a reasonable probability that, but for his counsel's unreasonable failure to assert a particular claim on appeal, he would have prevailed in the appeal. *Smith*, 528 U.S. at 286; *Moreno v. Dretke*, 450 F.3d 158, 168 (5th Cir. 2006).

Mr. Theisen's appellate counsel filed an affidavit in the state habeas action which the trial court found truthful and credible. The affidavit states:

> I considered Mr. Theisen's claim that the trial court failed to admonish him before accepting his plea of guilty, but concluded that this was not an appealable issue. I concluded that he had no chance of successfully raising this issue on appeal.
> . . .
>
> After the state rested its case on punishment and during the presentment of the Defendant's case, the trial court reviewed the written plea waiver with Mr. Theisen and gave him the admonishment required by the Texas Code of Criminal Procedure art. 26.13(a). . . .
>
> It was my opinion that this belated admonishment satisfied the requirement of Art. 26.13(a), and so I decided not to raise this issue on appeal. The cases of *Hardman v. State*, 614 S.W.2d 123 (Tex. Crim. App. 1981), *Palacios v. State*, 556 S.W.2d 349 (Tex. Crim. App. 1977), *Chavira v. State*, No. 13-10-00002-CR) (Tex. App.–Corpus Christi-Edinburg 2011, no pet.), and *Singleton v. State*, 986 S.W.2d 645 (Tex. App.–El Paso 1998, pet. ref'd), support my decision.

(ECF No. 7-29 at 152-53).

The state habeas court concluded appellate counsel had provided "sufficient reasoning and case law behind his decision not to pursue this issue on appeal, and the Court finds that [c]ounsel's decisions were not error, but strategy." (ECF No. 7-29 at 156).

Counsel's strategic choices, such as the presentation of particular claims, are virtually unchallengeable if made after a thorough investigation of the law and facts relevant to plausible options. *Strickland*, 466 U.S. at 689, 673; *Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2011) (holding the failure to present a particular line of argument is presumed to be the result of strategic choice). Because appellate counsel's strategy was reasonable and made after consideration of the applicable law, the state court's denial of this claim was not clearly contrary to or an unreasonable application of *Strickland*.

### D. Trial court error

Mr. Theisen contends the trial court erred by failing to grant a mistrial after an outburst from the victim's son. He argues the failure to declare a mistrial after the outburst violated his right to due

process of law. (ECF No. 1 at 35-36). Mr. Theisen raised this issue in his appeal, and the appellate court denied the claim:

> . . . Although the trial court denied the motion for mistrial, it instructed the jury upon its return to the courtroom that it was to disregard the outburst and reminded the jury that it was to consider as evidence only information from witnesses and exhibits. Theisen contends this was insufficient.
>
> ***
>
> . . . [T]he trial court immediately instructed the jury to disregard [the son's] outburst. The trial court specifically reminded the jury to consider only evidence, i.e., information provided by actual witnesses or through exhibits. We presume the jury followed the trial court's instruction. *See id.* In addition, it appears the outburst did not influence the jury as the sentence recommended, i.e., thirteen years, was less than the twenty-year maximum the jury could have recommended. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 49.08(b) (West 2011). Accordingly, we hold Theisen failed to show a reasonable probability that the conduct interfered with the jury's verdict and overrule this issue. *See Coble*, 330 S.W.3d at 292; *Gamboa*, 296 S.W.3d at 580.

*Theisen*, 2014 WL 5020041, at *1-3.

Trial court error renders a proceeding fundamentally unfair, in violation of the defendant's right to due process, is if there is a reasonable probability the verdict would have been different absent the error. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Rogers v. Lynaugh*, 848 F.2d 606, 609 (5th Cir. 1988). The record in this matter indicates the jury's assessment of punishment would not have been different absent the alleged error: the jury was instructed to disregard the outburst, the emotion expressed in the outburst was also presented to the jury by several witnesses, and the jury assessed punishment at less than the statutory maximum.

Furthermore, the state court's denial of the claim was not an unreasonable application of "clearly established" federal law because there is no clearly established federal law, as stated by the Supreme Court, addressing spectator misconduct. *See Carey v. Musladin*, 549 U.S. 70, 76 (2006) ("This court has never addressed a claim that such private-actor courtroom conduct was so inherently

prejudicial that it deprived a defendant of a fair trial.").[2] As there is no clearly established federal law addressing spectator misconduct, it cannot be said that the state court's determination was contrary to, or an unreasonable application of, clearly established federal law. *Id.* at 76-77. Neither was the denial of the claim contrary to the Circuit Court of Appeals' decisions in similar circumstances. *See Kinnamon v. Scott*, 40 F.3d 731, 734 (5th Cir. 1994) (finding that murder victim's daughter's outburst did not show prejudicial error of constitutional magnitude); *Whitehead v. Cowan*, 263 F.3d 708, 724 (7th Cir. 2001) (holding that emotional outburst from victim's mother was not prejudicial because the outburst contributed nothing new to the jury, the court specifically instructed jurors to ignore the comments, and the evidence of guilt was overwhelming).

## V. Certificate of Appealability

The Court next determines whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court rejects a petitioner's constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the

---

[2] Mr. Theisen cites to *Frank v. Mangum*, 237 U.S. 309, 335 (1915), asserting: "[i]f a trial is dominated by a mob, so that the jury is intimidated and the trial judge yields and so that there is an actual interference with the course of justice, there is, in that court, a departure from due process of law." (ECF No. 1 at 35). However, *Frank* involved a group of spectators and more than one disruption, rather than a one individual making a single outburst. The Supreme Court held the state court's factual finding, that the criminal proceedings were not dominated by the mob, was entitled to deference and that the defendant's right to due process of law was not violated. *Id.* at 332-38.

issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

A district court may deny a COA sua sponte without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes reasonable jurists would not debate the conclusion that Mr. Theisen is not entitled to federal habeas relief. As such, a COA will not issue.

## VI. Conclusion and Order

Mr. Theisen has failed to establish the state courts' rejection of his claims on the merits was either contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts in light of the evidence presented in his state court proceedings. As a result, Jeffrey Theisen's habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner Jeffrey Theisen's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 petition (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. Motions pending, if any, are also **DISMISSED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 19th day of April, 2018.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE